# LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC

Michael S. Lamonsoff, Esq.○△
Beth Kirschner, Esq. ○
Erin K. Hurley, Esq. ○△
Joshua Versoza, Esq. ○△
Stacey Haskel, Esq.*
Kyle Bruno, Esq. ○△*

Anthony C. Sears, Esq.*
Maya Kogan, Esq. *◊
Robert E. Borrero, Esq. ○△∞
Cris A. Alburquerque, Esq. •
Moses Ahn, Esq. ○△∞
Thomas Bernard, Esq. ○△

Also Admitted in
○E.D.N.Y.
△S.D.N.Y.
∞W.D.N.Y.
◊ NJ Federal Court
*Also admitted in New Jersey
^Also admitted in Massachusetts
•Also admitted in Georgia

ALL CORRESPONDENCE TO
NEW YORK OFFICE

www.msllegal.com



October 22, 2019

**BY ECF**
Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:  Scott v. UC 10, et al., 16-cv-01135 (PAE)

Your Honor:

This firm represents the Plaintiff, Tampa Scott, in the above-matter.  This letter is submitted to give this Court an update on the service efforts that Plaintiff has attempted in relation to obtaining personal jurisdiction over Undercover Officer #10. Unfortunately, despite several attempts at personal service at multiple addresses found by the undersigned's investigators, we have been unable to effectuate service on Undercover Officer #10 relating to this case.

Plaintiff respectfully submits that the previously noted Service by Publication is appropriate in this case where service is impracticable or even impossible, and where it is reasonable to conclude that the defendant is clearly on notice of the case pending against him, and he has shown deliberate avoidance and obstruction in responding to the lawsuit. See Securities & Exchange Commission v. Tome, 833 F.2d 1086, 1092 (2d Cir. 1987); Securities & Exchange Commission v. HGI, Inc., 1999 W.L. 1021087 (S.D.N.Y. 1999); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) ("in the case of persons missing, employment of an indirect and even a probably futile means of notification is all the situation permits and creates no constitutional bar to a final decree foreclosing their rights.").

Despite Plaintiff's best efforts, service of UC 10 has become impracticable and made impossible by UC 10's complete disappearance from any reported residential addresses, including the last known personal address provided to his own Pension Board of the New York City Police Department as well as any other addresses obtained through investigative work. This level of obstruction and eluding necessitates this Court's allowance of Plaintiff's service by publication.

Plaintiff thanks this Court for its time and consideration in this matter.

Respectfully submitted,

Counsel for the Plaintiff
By:  /s/
        Moses Ahn